**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HALEMA BUZAYAN; et al., | No. 10-15577 |
| Plaintiffs - Appellees, | D.C. No. 2:06-cv-01576-MCE-DAD |
| v. | |
| CITY OF DAVIS POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants- Appellants, | |
| and | |
| STEVEN PIERCE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted April 12, 2011[**]
Pasadena, California

Before: REINHARDT, HAWKINS, and GOULD, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Halema Buzayan brought suit under 42 U.S.C. § 1983 against several defendants, including City of Davis police officers Pheng Ly and Ben Hartz ("individual defendants"), after she was arrested for an alleged misdemeanor hit-and-run. Buzayan alleged numerous violations, including that the arrest was a violation of her Fourth Amendment rights and of her rights under the Equal Protection Clause. The defendants brought a motion for partial summary judgment, asserting that there was probable cause for the arrest, that discriminatory intent was lacking, and that the officers were entitled to qualified immunity as to the Fourth Amendment probable cause claim because a reasonable officer could have believed that there was probable cause to arrest Buzayan. The district court denied the motion for partial summary judgment in its entirety. The individual defendants filed an interlocutory appeal challenging the district court's denial of

qualified immunity as to the probable cause claim.[1] We have jurisdiction because "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (internal quotation marks omitted). The denial of qualified immunity here turns on a question of law, because "the question of whether a reasonable officer could have believed probable cause . . . existed to justify a search or an arrest is 'an essentially legal question.'" *ActUp!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) (quoting *Forsyth*, 472 U.S. at 526).

In analyzing qualified immunity, we employ a two-prong analysis; we determine whether the facts "show the officer's conduct violated a constitutional right," and "whether the right was clearly established" at the time of the alleged

---

[1]The individual defendants sought qualified immunity in the district court *only* as to Buzayan's Fourth Amendment probable cause claim. The individual defendants also assert that this court has pendent jurisdiction over other parties, including the City of Davis, and other issues, including the merits of the probable cause and equal protection claims, and a state law false imprisonment claim. We have jurisdiction over issues and parties that are "inextricably intertwined" with the issue properly raised on interlocutory appeal. *See Batzel v. Smith*, 333 F.3d 1018, 1023 (9th Cir. 2003). The defendants argue that the pendent issues are "necessarily resolved" by resolution of the limited qualified immunity issue. We have, however, interpreted what is inextricably intertwined "very narrowly," and we determine that none of the pendent issues or parties are "inextricably intertwined" with the one issue over which we do have jurisdiction. *See id*.

3

unlawful action. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In this case, we exercise our "sound discretion," and decide the qualified immunity issue on the second prong of the analysis, whether the right was clearly established. *See Pearson*, 129 S. Ct. at 818. Therefore, we "decline to determine whether the police had sufficient probable cause to arrest" Buzayan. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 433 (9th Cir. 2010). Instead, we hold that the right was not clearly established; even if the officers were mistaken in their conclusion that probable cause existed, a reasonable officer could have believed that there was probable cause to arrest Buzayan for misdemeanor hit-and-run.[2] *See id.* at 433-34. Therefore, we reverse the district court's denial of qualified immunity as relates to Buzayan's Fourth Amendment probable cause claim.[3]

**REVERSED and REMANDED.**

---

[2]As a result of this determination, we need not reach defendants' alternate argument that there was probable cause to arrest Buzayan for two other crimes; we also do not need to decide whether defendants waived that argument by failing to raise it below.

[3]We do not reach any other claims, including Buzayan's claim that the warrantless arrest in her home violated her Fourth Amendment rights. As discussed above, we have jurisdiction over one limited issue only: whether the officers were entitled to qualified immunity as to the probable cause claim. *See supra* note 1. We do not reach any of the other Fourth Amendment or equal protection claims.

4